# FAX


## DUPONT, DUPONT & DUPONT, LTD.

23635 RAILROAD AVENUE
P. O. BOX 627
PLAQUEMINE, LOUISIANA 70764
(225) 687-6893
FAX: (225) 687-0227


TO: Mr. John S. Garner

FAX #: 1-228-864-8221

FROM: Joseph B. Dupont Jr.

DATE: 2/25/10

NUMBER OF PAGES (Including Cover Sheet): 4

SUBJECT: Re: In the Matter of the Complaint of Eckstein Marine Services, LLC

COMMENTS:

From the Desk of: Hannah

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF ECKSTEIN MARINE SERVICE, LLC n/k/a MARQUETTE TRANSPORTATION CO. GULF-INLAND, LLC AS OWNER OF THE M/V SUSAN FRANCES FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO.: 3:10-cv-00010-RET-SCR** |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LIMITATION**

Limitation plaintiffs complaint for limitation is deficient in that limitation plaintiff seeks to submit a letter of undertaking instead of cash or surety bond. 46 U.S.C.A. 30511 provides that ........*when a limitation action is brought the owner shall deposit with the court for the benefit of plaintiffs an amount equal to the value of the owners interest in the vessel and pending freight or approved security*........ A letter of undertaking should not be considered approved security. Limitation plaintiffs vessel and barges should be surrendered or limitation plaintiff should be required to deposit cash or post a corporate surety bond in an amount equal to the value of the vessel and barges at issue in this matter.

> *"Barge owners petitioning for limitation of liability were required to deposit cash or post a corporate surety bond the amount or value of their interest in the vessels or surrender the requisite vessel in order to continue to benefit by the provisions of the limitation of limitation of liability statute." New York Marine Managers Inc. V. Helena Marine Services C. A. 8 (Ark 1985, 758.F.2D 313 Certiorary denied 106 S. Ct. 148, 474 US 850, 88 L. Ed. 2d 122).*

Limitation plaintiffs seeks to limit the value of this claim solely to the value of the MV Susan Frances, the tug that was pushing six barges at the time of the incident. This incident involves a collision wherein the barges being pushed by the MV Susan Frances were what actually collided with the drawbridge at issue. Pursuant to "flotilla rule" limitation plaintiff should be required to put

up a fund equal to the value of the vessel and the barges which were under a single command at the time of the incident.

> *Two vessels made fast to one another to perform a single contract of carriage constitute a" flotilla" for purposes of limitation of liability. Brown and Root Marine Operators, Inc. V. Zapata Offshore Co., C.A. (5) tex. 1967, 377 F.2d724.*

> *Owners of two barges and a tug which were used under single command in execution of owners contract for services to offshore oil well were a "flotilla" for limitation of liability purposes, and owner was obliged to surrender all three vessels on claim for damage when one barge struck well. Brown and Root Marine Operators, Inc. V. Zapata Offshore Co., C.A. (5) tex. 1967, 377 F.2d724.*

Limitation plaintiff is clearly not in compliance with 46 U.S.C.A. 30511 or the applicable case law therefore limitation plaintiffs complaint for limitation should be dismissed.

**RESPECTFULLY SUBMITTED:**

**DUPONT, DUPONT & DUPONT, LTD**

**By:____________________________**

**JOSEPH B. DUPONT, JR.**
**LA Bar Roll #: 25383**
**23635 Railroad Avenue**
**P. O. Box 627**
**Plaquemine, Louisiana 70764**
**Phone: (225) 687-6893**
**Facsimile: (225) 687-0227**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have on this 25 day of February, 2010, served upon counsel of record for Defendant's, John S. Garner, BALCH & BINGHAM, LLP, 1310 Twenty Fifth Avenue, Gulfport, MS 39501, a copy of the above and foregoing Answer and Claim, be telecopier and by placing a copy of same in the United States Mail, postage prepaid and properly addressed.

**JOSEPH B. DUPONT, JR.**