**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF ECKSTEIN MARINE SERVICE, LLC n/k/a MARQUETTE TRANSPORTATION CO. GULF-INLAND, LLC as owner of the M/V SUSAN FRANCES FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO.: 3:10-cv-10**<br><br>**JUDGE TYSON**<br><br>**MAGISTRATE RIEDLINGER** |

**STATUS REPORT**

## A. JURISDICTION

Marquette submits that the basis for jurisdiction of this Court is the Limitation of Liability Act 46 U.S.C. §§ 181-195, as amended by 46 U.S.C. § 30501 *et seq*. Accordingly, Marquette as the owner/operator of the M/V SUSAN FRANCES filed a Complaint seeking exoneration from and/or limitation of liability. Pursuant to the Act, the federal court retains jurisdiction over all matters related to the vessel's rights to limit his liability under the Act, including jurisdiction.

As set forth in detail below, Marquette has also filed a motion to dismiss all the claimants under *Robins Drydock & Repair v. Flint*, 275 U.S. 303 (1927), except the Louisiana Department of Transportation and Development (DOTD). The resolution of this motion could result in a single claimant situation with an adequate fund and potentially allow DOTD to proceed in state court under the savings to suitors clause. For this reason, the parties seek resolution of the pending motions after adequate briefing, as the forum could change to state court.

DOTD submits that the Court has jurisdiction pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 740.

## B. BRIEF EXPLANATION OF THE CASE

1. BY MARQUETTE:

Limitation Petitioner submits that as the owner/operator of the M/V SUSAN FRANCES, Eckstein, n/k/a Marquette Transportation Co. Gulf-Inland, LLC is without any liability for an allision between the vessel and a bridge owned and maintained by the Louisiana Department of Transportation and Development. The bridge connects LA Highway 23 with the Bayou Sorrell community in Iberville Parish. Alternatively, Marquette submits that the vessel was at all times seaworthy, and that any damages sustained by any party occurred without the privity and knowledge of the owner and therefore Marquette is entitled to limit any liability to the post-casualty value of the vessel, $800,000, as described by surveyor Peter Kolp in his valuation. (R. Doc. 1, Ex. "B").

As set forth by Supplemental Admiralty Rule F, Marquette filed a Complaint for Limitation, and provided a Letter of Undertaking as security for the post-casualty value of the vessel which was executed by the primary underwriters. This Court approved that security, and set a deadline of February 19, 2010 for any claimants to file an Answer and Claim. Before that deadline passed, the Louisiana Department of Transportation and Development filed an Answer and Claim (R. Doc. 7, 8), and a second group of claimants, all residents of Bayou Sorrell also filed a Claim and Answer (R. Doc. 9). Marquette submits that the LOU is a proper form of security, and that the claimants who are residents of Bayou Sorrell lack standing to challenge the Limitation and more importantly, are barred from any recovery under *Robins Drydock & Repair v. Flint*, 275 U.S. 303 (1927) and its progeny, including *In Re Taira Lynn Marine, Ltd. No. 5*, 444 F.3d 371 (5th Cir. 2006), and *Louisville & Nashville Railroad Co. v. M/V BAYOU LACOMBE*, 597 F.2d 469 (5th Cir. 1979). Specifically, in these cases the Fifth Circuit has pronounced the brightline rule that for a claimant/plaintiff to have a redressable injury that confers standing under the General Maritime Law, he must have physical damage to a

proprietary interest. *Id*, 597 F.2d at 474. The residents at Bayou Sorrell have neither and as set forth in a Motion to Dismiss, and an Opposition to a Motion to Challenge the Limitation Fund and Form of Security, Marquette submits that the rule of *Robins* and the above cases require the Court to dismiss the claims brought by the Bayou Sorrell residents.

As to the claim brought by LADOTD, there is sufficient evidence that the bridge was damaged by Ike and Gustav during the weeks before the allision, and that repairs to the bridge were not caused by the incident involving the SUSAN FRANCES. As with any maritime claim, other issues with damages claimed by LADOTD include depreciation, new for old, and whether the State has properly mitigated its damages.

2. BY DOTD:

On September 14, 2009, the M/V SUSAN FRANCES, owned and operated by Eckstein Marine Services, LLC n/k/a Marquette Transportation Co. Gulf-Inland, LLC, and its tow of six barges struck the Bayou Sorrell Pontoon Bridge, structure no. 61248241800081, LA 75 Spur in Iberville Parish, Louisiana, thereby causing extensive damage to the bridge.

3. BY THE RESIDENTS OF BAYOU SORRELL:

On or about September 14, 2008, the Motor Vessel Susan Frances which is owned by Marquette Transportation Company Gulf Inland L.L.C. formerly known as Eckstein Marine Services, Inc. was being operated in Grand River, a navigable waterway located in Bayou Sorrell Louisiana, when due to the negligence of the Captain and or crew of the MV Susan Frances the MV Susan Frances and/or the barges that it was pushing at the time struck the drawbridge located at Bayou Sorrell, Louisiana. The aforementioned drawbridge was disabled for approximately several days to one week wherein all residents on the eastern side of Grand River in Bayou Sorrell were landlocked.

Other than the disabled bridge the only method of getting across Grand River was by boat or traveling the gravel road along the levee all the way to Ramah, Louisiana, which encompassed a total trip of approximately one and a half hours to travel from one side of Grand River to the other.

All residents of Bayou Sorrell domiciled on the eastern side of Grand River were impacted by this incident. Petitioners had no convenient access to the basic necessities such as food, gas, medicines, physicians and/or general public or private services.

**C. PENDING MOTIONS**

The residents of Bayou Sorrell have filed a Motion to Dismiss the Limitation proceeding (R. Doc. 10, 11), while Marquette has filed an Opposition (R. Doc. 12). Marquette has also filed a Motion to Dismiss the Bayou Sorrell residents because their claims are barred under *Robins Drydock* and its progeny. (R. Doc. 13). Finally, Marquette has also filed a Motion to Enter a Default against all remaining potential claimants. (R. Doc. 15). For this reason, the parties seek resolution of the pending motions after adequate briefing, as the forum could change to state court.

**D. ISSUES**

BY MARQUETTE:

1. Whether the Bayou Sorrell residents are barred from bringing any claims pursuant to Robins Drydock and its progeny.

2. Whether the Bayou Sorrell residents have standing to challenge the form of security and the amount of the Limitation Fund.

3. Whether the damages alleged by LADOTD are proper and causally related to the incident instead of another natural cause such as Hurricanes Gustav and Ike.

4. Whether the present Limitation Fund is adequate.

5. Whether Marquette may be exonerated from any liability.

6. Whether Marquette is entitled to limit because it lacked privity and knowledge of any error in navigation attributable to its captain.

BY DOTD:

1. Petitioner's entitlement to exoneration from, or limitation of, liability;

2. The negligence of Marquette Transportation Co. Gulf-Inland, LLC;

3. The unseaworthiness of the M/V SUSAN FRANCES;

4. The sufficiency of the limitation fund;

5. The applicability of the "flotilla rule;"

6. The adequacy of security;

7. The issue of privity or knowledge;

8. The real party in interest;

9. The applicable presumptions and burden of proof under maritime collision law;

10. The applicability of the doctrine of *res ipsa loquitor*.

## E. DAMAGES

1. BY DOTD:

As a result of this casualty, the DOTD has sustained approximately $451,717.58 in damages. The breakdown is as follows:

| | |
|---|---|
| District Cost of Accident Repairs | $9,681.18 |
| District Inspection Costs | $18,513.53 |
| DOTD Contractor Costs to Repair | $423,522.87 |
| **Total** | **$451,717.58** |

[plus pre-judgment interest and costs]

The relevant claims support documentation was previously provided to Eckstein Marine Services, LLC n/k/a Marquette Transportation Co. Gulf-Inland, LLC.

2. BY MARQUETTE:

Marquette has recently received the damage figures above and is presently evaluating whether they are recoverable. As set froth above, Marquette reserves the right to challenge these figures under depreciation, new for old, failure to mitigate, and whether they were pre-existing and/or caused by a party Marquette is not responsible for. Accordingly, Marquette will evaluate further as discovery continues and reserves all objections/defenses on this issue.

3. BY RESIDENTS OF BAYOU SORRELL:

Plaintiffs damages are as follows:

1. Inconvenience.
2. Mental anguish and distress.
3. Out of pocket travel expenses.
4. Physical pain and suffering.
5. Medical expenses.

**F. SERVICE**

Presently, there are not any unresolved issues as to waiver or service of process, personal jurisdiction, or venue, with the exception of the pending motions discussed above.

**G. DISCOVERY**

1. Have the initial disclosures required under FRCP 26(a)(1) been completed?

[ ] YES [X] NO

A. Do any parties object to initial disclosures?

[ ] YES [X] NO

2. Briefly describe any discovery that has been completed or is in progress:

Presently, no formal discovery has been exchanged except that Marquette has received documents from LADOTD relating to its alleged damages.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example, are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

Presently, counsel is not aware of any potential protective orders or other limitations on discovery, however discovery requests have not yet been received from any party.

4. Discovery from experts:

1. BY MARQUETTE:

Marquette anticipates that an expert regarding the damages sustained to the Bayou Sorrell bridge will be engaged, and a report submitted in accordance with this Court's scheduling order.

2. BY DOTD:

The DOTD expects to present expert testimony with respect to liability and damages.

3. BY BAYOU SORRELL RESIDENTS:

Terri Dupree, et al expect to submit expert testimony with respect to liability and damages.

## H. PROPOSED SCHEDULING ORDER

The parties seek resolution of the pending motion to dismiss before setting these deadlines and addressing these issues. By agreement the parties deferred setting discovery deadlines and a trial date to preserve judicial resources in the event the Bayou Sorrell residents are dismissed under *Robins Drydock.*

## I. TRIAL

The parties seek resolution of the pending motion to dismiss before setting these deadlines and addressing these issues. By agreement the parties deferred setting discovery deadlines and a trial date to preserve judicial resources in the event the Bayou Sorrell residents are dismissed under *Robins Drydock.*

## J. OTHER MATTERS

The parties seek resolution of the pending motion to dismiss before setting these deadlines and addressing these issues. By agreement the parties deferred setting discovery deadlines and a trial date to preserve judicial resources in the event the Bayou Sorrell residents are dismissed under *Robins Drydock.*

## K. ALTERNATIVE DISPUTE RESOLUTION

The parties seek resolution of the pending motion to dismiss before setting these deadlines and addressing these issues. By agreement the parties deferred setting discovery deadlines and a trial date to preserve judicial resources in the event the Bayou Sorrell residents are dismissed under *Robins Drydock.*

## L. SETTLEMENT

The parties seek resolution of the pending motion to dismiss before setting these deadlines and addressing these issues. By agreement the parties deferred setting discovery

deadlines and a trial date to preserve judicial resources in the event the Bayou Sorrell residents are dismissed under *Robins Drydock.*

**M. CONSENT TO JURISDICTION**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES [X] NO

This the 9th day of March, 2010.

ECKSTEIN MARINE SERVICE, LLC

BY: FOWLER RODRIGUEZ

BY: s/ John S. Garner
JOHN S. GARNER

John A. Scialdone, Esq. (LA Bar # 21859)
Todd G. Crawford, Esq. (LA Bar #20150)
John S. Garner, Esq. (LA Bar #25314)
FOWLER RODRIGUEZ VALDES-FAULI
2505 14th Street, 5th Floor
Gulfport, MS 39501
Telephone: (228) 822-9340
Facsimile: (228) 822-9343

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on counsel of record:

Joseph B. Dupont, Jr.
DUPONT, DUPONT & DUPONT, LTD.
23635 Railroad Avenue
Post Office Box 627
Plaquemine, LA 70764

Jose R. Cot
MAGINNIS & HURLEY
Canal Place One
365 Canal Place, Suite 2750
New Orleans, LA 70130

by hand delivery, facsimile transmission, or by placing a copy of same in the U.S. Mail, postage prepared, this 9th day of March, 2010.

/s/ John S. Garner
John A. Scialdone (21859)
Todd G. Crawford (20150)
John S. Garner (25314)