UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


IN THE MATTER OF THE COMPLAINT
OF ECKSTEIN MARINE SERVICE, LLC            CIVIL ACTION
n/k/a MARQUETTE TRANSPORTATION
CO. GULF-INLAND, LLC as owner of           NUMBER 10-10-BAJ-SCR
the M/V SUSAN FRANCES FOR
EXONERATION FROM OR LIMITATION
OF LIABILITY

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 24, 2011.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT
OF ECKSTEIN MARINE SERVICE, LLC         CIVIL ACTION
n/k/a MARQUETTE TRANSPORTATION
CO. GULF-INLAND, LLC as owner of        NUMBER 10-10-BAJ-SCR
the M/V SUSAN FRANCES FOR
EXONERATION FROM OR LIMITATION
OF LIABILITY

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is a Motion to Dismiss Complaint for Limitation filed by Terri Dupree, et al. (hereafter "claimants"). Record document number 10. Also before the court is the Motion to Dismiss for Lack of Standing Under *Robins Drydock* and *Taira Lynn* filed by Limitation Plaintiff Eckstein Marine Services, L.L.C., n/k/a Marquette Transportation, Co. Gulf-Inland, as the owner/operator of M/V Susan Frances (hereafter "limitation plaintiff"). Record document number 13. The motions are opposed.[1]

For the reasons which follow, the limitation plaintiff's motion should be granted and the claimants' motion should be denied.

**Background**

While pushing six barges down the Intracostal Waterway on September 14, 2008, the M/V Susan Frances allegedly made contact with the Bayou Sorrell bridge, which crossed the Grand River into

---

[1] Record document numbers 12 and 28, respectively. Limitation plaintiff filed reply memoranda. Record document number 31 and 36.

the town of Bayou Sorrell. The bridge was subsequently closed for a week while being repaired. Claimants, who are 54 residents of Bayou Sorrell, alleged that as a result of the closure the only other way to get across the Grand River was by boat or by traveling to Ramah, Louisiana, which was approximately a one and a half hour total trip. Claimants filed an action against the limitation plaintiff alleging damages resulting from their loss of use of the bridge. A second suit was also filed by the operator of the bridge, the Louisiana Department of Transportation and Development, seeking recovery for damages to the bridge. Limitation plaintiff filed this action seeking exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, et seq.

Claimants moved to dismiss the limitation plaintiff's complaint because cash or a bond as security under 46 U.S.C. § 30511 was not deposited/filed with the complaint and the amount of the imitation fund is inadequate. Claimants argued that the law requires the limitation plaintiff to deposit cash or post a corporate surety bond in an amount equal to the value of the vessel and barges at issue in this matter. Claimants asserted that the limitation plaintiff only submitted a letter of undertaking rather than a cash or surety bond and thus its limitation complaint is deficient.

Limitation plaintiff filed a motion to dismiss the claimants claims and argued that they are barred from recovery as a matter of

law because they did not suffer any physical damage to a proprietary interest as a result of the allision between the limitation plaintiff's vessel and the Bayou Sorrell Bridge. Limitation plaintiff asserted that the claimants have only alleged damages resulting from the loss of use of the bridge, such damages being inconvenience and travel expenses, physical pain and suffering, and medical expenses. Limitation plaintiff argued that under controlling case law the claimants cannot recover purely economic damages without physical damage to their personal property. Limitation plaintiff noted that the allegations contain no facts regarding how the accident caused the claimants' physical pain and suffering, and thus such claims are conclusory.

Based on essentially the same reasoning, the limitation plaintiff argued that the claimants lacked standing to contest the form or amount of the security because they do not have a proprietary interest in the bridge which was allegedly damaged by the vessel and they sustained no personal injury damages. Limitation plaintiff also argued that the form of security, a letter of undertaking, is well-recognized as a proper form of security, but even it is not sufficient, dismissal is not warranted and the court may allow other security to be provided.

## Applicable Law

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P. the Court "must accept as true all of the

3

factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Rule 8(a)(2), Fed.R.Civ.P.). The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

The Fifth Circuit has consistently held that plaintiff may not recover economic damages stemming from a maritime tort absent a showing of physical damage to a propriety interest. *In re Taira*

4

*Lynn Marine Ltd. No. 5, LLC*, 444 F.3d 371, 377 (5th Cir.2006); *State of Louisiana, ex rel. Guste v. M/V TESTBANK*, 752 F.2d 1019, 1024 (5th Cir. 1985). This Fifth Circuit rule is based the doctrine set forth by the Supreme Court in *Robins Dry Dock v. Flint*, 275 U.S. 303, 48 S.Ct. 134 (1927) which prevents a third party who contracts with a property owner from bringing a claim for economic losses against an unintentional tortfeasor who damages the property. The Supreme Court stated that "a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong." *Id*. at 309.

The Fifth Circuit has repeatedly noted that the bright line rule of *Robins* serves as a "pragmatic restriction on the doctrine of foreseeability." However, this holding does not prohibit a plaintiff who has suffered physical damage to a proprietary interest from seeking recovery of purely economic damages. The *Robins* doctrine is restricted to preventing recovery "of purely economic claims absent physical injury to a proprietary interest in a maritime negligence suit." *In re Taira Lynn Marine*, 444 F.3d at 377.

**Analysis**

A review of the controlling law and the parties arguments shows that the claimants' action fails as a matter of law. The Fifth Circuit requires a showing of physical injury to a

5

proprietary interest to recover economic damages in cases of unintentional maritime tort.[2] Claimants' allegations are devoid of any facts that, if taken as true, demonstrate that the vessel allision caused a physical injury to the claimants' propriety interest.

Claimants alleged that they had no convenient access to the basic necessities such as food, gas, medicines, physicians, and/or general public or private services.[3] Claimants specifically sought damages for inconvenience, mental anguish and distress, out-of-pocket travel expenses, physical pain and suffering, and medical expenses.[4] Claimants also alleged that they are entitled to punitive damages under general maritime law.

Claimants admitted that they do not have any ownership interest in the Bayou Sorrell Bridge. Instead, the claimants argued that they were landlocked in their community and were forced to travel approximately one and a half hours to the nearest available bridge to cross to the other side of the river. Claimants argued that their vehicles suffered physical damage as a result of the extended travel and incurred additional fuel costs.

Claimants' argument in favor of finding a physical injury is

---

[2] *Reserve Mooring Inc. v. American Commercial Barge Line, LLC*, 251 F.3d 1069, 1071-72 (5th Cir. 2001).

[3] Record document number 9, ¶ 6.

[4] *Id.*, ¶ 7.

6

foreclosed by the *Taria Lynn* and *Reserve Mooring* cases, which determined that blocked access does not constitute a physical injury.[5] Claimants' damages for inconvenience and out-of-pocket travel expenses resulting from their inability to cross the river on the Bayou Sorrell Bridge are not recoverable without a showing of physical injury. Any physical injury to the claimants' vehicles did not directly result from the vessel allision.

Claimants allegation of physical pain and suffering and mental anguish are entirely conclusory. Claimants did not allege any facts demonstrating the cause of the physical pain and suffering and failed to address this category of damage in their opposition memorandum. Likewise, the claimants did not discuss their claim for punitive damages under general maritime law. Because these allegations are legal conclusions rather than facts, they cannot support a claim for relief.

Claimants failed to allege facts which state a claim for damages which they can seek and upon which relief can be granted. Consequently, their motion to dismiss need not be addressed.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Dismiss for Lack of Standing Under *Robins Drydock* and

---

[5] *Taira Lynn*, supra (evacuation from business and residence within a certain radius of the accident site was not a physical injury); *Reserve Mooring*, supra (barge sinks at a mooring facility and blocks site until removed was not physical damage).

*Taira Lynn* filed by Limitation Plaintiff Eckstein Marine Services, L.L.C., n/k/a Marquette Transportation, Co. Gulf-Inland, as the owner/operator of M/V Susan Frances, be granted. It is further recommended that the Motion to Dismiss Complaint for Limitation filed by Terri Dupree, et al. be denied as moot.

Baton Rouge, Louisiana, March 24, 2011.

*signature*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE